LAURA TORCHIN and BRIAN TORCHIN, )
                                  )
            Plaintiffs,           )
                                  )
      v.                          )      Civil No. 2011-115
                                  )
BLUE SHORE GRILL, LLC, d/b/a      )
HAVANA BLUE, MARRIOTT             )
INTERNATIONAL, INC., DIAMOND      )
ROCK HOSPITALITY CO.,             )
FRENCHMAN'S REEF & MORNING STAR   )
BEACH RESORT, DARYL (a/k/a        )
ELVIS) D. CHRISTOPHER, JORGE D.   )
GARCIA, and XYZ CORPORATION,[1]   )
                                  )
            Defendants.           )
_____)

ATTORNEYS:

**Jason R. Margulies, Esq.**
**Michael A. Winkleman**
Lipcon, Margulies, Alsina & Winkleman
Miami, FL
    *For Laura Torchin and Brian Torchin.*

**John-Russell Bart Pate, Esq.**
J.R. Pate, PC – Law Office
St. Thomas, U.S.V.I.
    *For Laura Torchin and Brian Torchin.*

**Chad C. Messier, Esq.**
**Justin K. Holcombe**
Dudley Topper & Feuerzeig
St. Thomas, U.S.V.I.
    *For Blue Shore Grill LLC d/b/a Havana Blue, Marriott*
    *International Inc., DiamondRock Hospitality Co.,*
    *Frenchman's Reef & Morning Star Beach Resort, Jorge D.*

---

[1] The plaintiffs state that "[d]efendant, XYZ Corporation, is included in an abundance of caution in the even that discovery reveals that another entity, whose name is not yet known to the Plaintiff, owns, manages, or operates any defendant business entities." (Compl. ¶ 10).

> *Garcia, DiamondRock Frenchmans Owner, Inc. d/b/a Frenchmans Reef & Morningstar Marriott Beach Resort.*

**Robert L. King, Esq.**
Law Offices of Robert L. King
St. Thomas, U.S.V.I.
> *For Daryl (Elvis) D. Christopher and Doreen E. Christopher.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court are motions filed by the defendants to dismiss and for summary judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On or about December 15, 2009, Laura Torchin was a patron at the Havana Blue Restaurant. While at the restaurant, Laura Torchin and her cousin, Carolyn McGrath ("McGrath"), were served alcoholic beverages by Jorge Garcia ("Garcia"). At that time, Garcia was an employee of Blue Shore Grill, LLC, Marriott International, Inc., Diamond Rock Hospitality, Co., and Frenchman's Reef & Morning Star Beach.

Thereafter, Laura Torchin and McGrath were driven by Garcia to his rented residence at 4A Estate Tabor & Harmony in St. Thomas, U.S. Virgin Islands ("the residence").[2] As she attempted to exit the vehicle at the residence, Laura Torchin fell from an elevated driveway and was injured.

Laura Torchin and her husband, Brian Torchin, then filed this seven count complaint. In Count One, Laura Torchin alleges negligence against Blue Shore Grill, LLC, d/b/a Havana Blue under various theories of liability. In Count Two, Laura Torchin alleges negligence against Marriott International, Inc., Diamond Rock Hospitality, Co., and Frenchman's Reef & Morning Star Beach Resort under various theories of liability. In Count Three, Laura Torchin alleges negligence against Garcia and the Christophers under a theory of premises liability. In Count Four, Laura Torchin alleges negligence per se against Daryl "Elvis" Christopher and Doreen E. Christopher (collectively referred to as "the Christophers") under "the 2009 International Building Code." (Compl. ¶ 52, ECF No. 1). In Count Five, Laura Torchin alleges negligence against Marriott International, Inc., Diamond Rock Hospitality Co., and Frenchman's Reef & Morningstar Beach Resort under an apparent agency theory of liability. In Count Six, Laura Torchin alleges negligence against Marriott International, Inc., Diamond Rock Hospitality, Co., Frenchman's Reef & Morningstar Beach Resort, and Blue Shore Grill, LLC, under a joint venture theory of liability. In Count Seven, Brian Torchin seeks damages for loss of consortium from each of the

---

[2] The residence is owned by Daryl "Elvis" Christopher and Doreen E. Christopher (collectively referred to as "the Christophers").

defendants. The plaintiffs also seek punitive damages from Blue
Shore Grill, LLC, Marriott International, Inc., Diamond Rock
Hospitality, Co., Frenchman's Reef & Morning Star Beach Resort,
and the Christophers.

Blue Shore Grill, LLC, d/b/a Havana Blue (hereinafter,
"Havana Blue"), Marriott International, Inc. (hereinafter,
"Marriott"), and DiamondRock Frenchman's Owner, Inc., d/b/a
Frenchman's Reef & Morningstar Marriott Beach Resort
(hereinafter, "DiamondRock"), now separately move to dismiss the
counts against them pursuant to Federal Rule of Civil Procedure
12(b)(6). Garcia moves for summary judgment. The Christophers
have answered but have not filed any dispositive motions.

## II. DISCUSSION

### A. Failure to State a Claim

In order to survive a motion to dismiss, a plaintiff must
offer "enough facts to state a claim to relief that is plausible
on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570
(2007). A court must ask whether the complaint "contain[s]
either direct or inferential allegations respecting all the
material elements necessary to sustain recovery under *some*
viable legal theory." *Twombly*, 550 U.S. at 562 (emphasis in
original) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745
F.2d 1101, 1106 (7th Cir. 1984)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 555 (internal citations omitted). Thus, "[t]o survive a motion to dismiss, a . . . plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

## B. Summary Judgment

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Hersh v. Allen Products Co.*, 789 F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there is no genuine issue of material fact, but once this burden is met it shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *Gans v. Mundy*, 762

F.2d 338, 342 (3d Cir. 1985).  The non-moving party "may not

rest upon mere allegations, general denials, or . . . vague

statements . . . ." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500

(3d Cir. 1991).  "[T]here is no issue for trial unless there is

sufficient evidence favoring the non-moving party for a jury to

return a verdict for that party." *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 249 (1986).

"[A]t the summary judgment stage the judge's function is

not himself to weigh the evidence and determine the truth of the

matter but to determine whether there is a genuine issue for

trial." *Id.*  In making this determination, this Court draws all

reasonable inferences in favor of the non-moving party. *See Bd.*

*of Educ. v. Earls*, 536 U.S. 822, 850 (2002); *see also Armbruster*

*v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994).

### III. <u>ANALYSIS</u>

#### A. Failure to State a Claim

Havana Blue makes three primary arguments in its motion to

dismiss. First, it argues that "[t]he complaint must be

dismissed because plaintiffs' claims are based solely on

allegations that Havana Blue overserved alcoholic beverages."

(Havana Blue Mot. Dismiss 3, ECF No. 10). Specifically, it avers

that "[t]he U.S. Virgin Islands has not enacted a liquor

liability statute." *Id*. at 4. It also avers that "[t]he common

law does not recognize a cause of action for negligence in providing alcoholic beverages." *Id*. at 5. Next, Havana Blue argues that the plaintiffs have failed to state a cause of action for loss of consortium. Finally, it argues that the plaintiffs have failed to state a claim for punitive damages.

Marriott and DiamondRock make the same arguments as does Havana Blue in their motions to dismiss. Additionally, they argue that the "[p]laintiffs have failed to state a plausible claim that Marriott [and DiamondRock] had a 'joint venture' and/or 'apparent agency' relationship with Havana Blue." (Marriott's Mem. in Supp. of Mot. Dismiss 4, ECF No. 32); (DiamondRock's Mem. in Supp. of Mot. Dismiss 3, ECF No. 78).

"To determine the sufficiency of a complaint . . . a court must take three steps: First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' . . . . Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth' . . . . Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Santiago v. Warminster Tp.*, 629 F.3d 121, 130 (3d Cir. 2010)(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 881 (2009)).

i. Counts One and Two

To state a claim for negligence in the Virgin Islands, a plaintiff must allege (1) a duty; (2) a breach of that duty; (3) causation; and (4) damages. *Matos v. Nextran, Inc.*, 2009 WL 2477516, at *5 (D.V.I. Aug. 10, 2009)(citations omitted); *see also* Restatement (Second) of Torts § 281 (1965) (stating the elements of negligence).

In support of her claims for negligence against Havana Blue, Marriott, and DiamondRock, Laura Torchin avers in Counts One and Two that Havana Blue, Marriott, and DiamondRock owed her a duty of care. (Compl. ¶¶ 3, 19-27, 31, 32-40, ECF No. 1). She concedes that the U.S. Virgin Islands legislature has not enacted a liquor liability statute. (Pls.' Opp'n to Havana Blue's Mot. Dismiss 4, ECF No. 17) ("There is no precedent from the U.S.V.I. that speaks to the liability of tavern keepers for the over-service of alcohol.") She also concedes that the Restatement (Second) of Torts and the Restatement (Third) of Torts do not recognize a cause of action for negligent service of alcohol. (Pls.' Opp'n to Havana Blue's Mot. Dismiss 4, ECF No. 17) ("In such situations as these Virgin Islands Courts should look to the Restatement of Torts for guidance, however the issue is not addressed therein either.")

The plaintiffs argue, however, that a majority of states have recognized "some form of a common law cause of action for the over-service of alcohol to a clearly intoxicated person," in the absence of a dram shop act or Restatement provision. (Opp'n 5, ECF No. 17).

Indeed, numerous states have recognized such a cause of action in instances where a negligently over-served patron has harmed a third person and the third person seeks recovery from the defendant server of alcohol. However, most of those states do not recognize such a cause of action for intoxicated patrons who seek recovery for their own injuries. *See, e.g.*, Ariz. Rev. Stat. Ann. § 4-312 ("A licensee is not liable in damages to any consumer or purchaser of spirituous liquor over the legal drinking age who is injured or whose property is damaged, or to survivors of such a person, if the injury or damage is alleged to have been caused in whole or in part by reason of the sale, furnishing or serving of spirituous liquor to that person"); Colo. Rev. Stat. § 12-47-801(3)(b) (Same); Conn. Gen. Stat. §30-102 (Same); Fla. Stat. § 768.125 (Same); Ga. Code Ann. § 51-1-40 (Same); §235 Ill. Comp. Stat. 5/6-21 (Same); Me. Rev. Stat. Ann. Tit. 28, § 2504 (Same); Mich. Comp. Laws § 436.1801(b)(9) (Same); Mo. Rev. Stat. § 537.053 (Same); N.H. Rev. Stat. §§ 507-F:2, 507-F:4 (Same); N.D. Cent. Code § 5-01-06.1 (Same); Or.

Rev. Stat. § 471.565(1) (Same); *Searley v. Wegmans Food Markets, Inc.*, 807 N.Y.S.2d 768, 769 (App. Div. 2005) ("It is well settled that [the Dram Shop laws] do not create a cause of action in favor of one injured as a result of his own intoxicated condition"); *Bridges v. Park Place Entertainment*, 860 So.2d 811 (Miss. 2003) (Same); *Dubord v. GMRI, Inc.*, 52 F. Supp. 2d 779, 782 (W.D. Ky. 1999) (Same); *Tobias v. The Sports Club, Inc.*, 504 S.E.2d 318 (S.C. 1998) (Same); *Conrad v. Beck-Turek, Ltd.*, 891 F. Supp. 962, 969 (S.D.N.Y. 1995) (Same); *Estate of Kelly v. Falin*, 896 P.2d 1245, 1249-50 (Wash. 1995) (Same); *Ohio Casualty Inc. Co. v. Todd*, 813 P.2d 508 (Okla. 1991) (Same); *Slager v. HWA Corp.*, 435 N.W.2d 349, 351-52, 356 (Iowa 1989) (Same); *Bertelmann v. Taas Assoc.*, 735 P.2d 930, 933 (Hawaii 1987) (Same); *Randall v. Village of Excelsior*, 103 N.W.2d 131, 133 (Minn. 1960) (Same).

For instance, in *Wright v. Moffitt*, 437 A.2d 554 (Del. 1981), the plaintiff drank alcoholic beverages for approximately six hours at the defendant's tavern. The plaintiff then left the tavern and tried to cross a nearby highway on foot. The plaintiff was struck by an automobile and injured. The plaintiff filed suit against the tavern. The tavern moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

The trial court granted the tavern's motion to dismiss. The
plaintiff appealed.

On appeal, the Supreme Court of Delaware framed the issue
as "whether a Dram Shop patron who purchases alcoholic liquor
from a tavern operator has a cause of action against the vendor
for personal injuries resulting from the patron's voluntary
intoxication." *Id*. at 554. The court answered the question in
the negative. In so doing, the court noted that the common law
did not support such a cause of action because, as a matter of
law, the service of alcohol was not considered to be the
proximate cause of any injury. The court also observed that,
using the common law approach, "a majority of jurisdictions
ha[ve] determined that a patron who is injured as a result of
his voluntary intoxication does not have a cause of action
against the tavern operator at common law." *Id*. at 555
(citations omitted). Finally, the court declined the plaintiff's
invitation to establish new law, stating:

> In our opinion, the creation of a cause of action
> against one who is licensed to sell alcoholic
> beverages . . . involves public policy considerations
> which can best be considered by the General Assembly.
> We say this, not merely because the alcoholic beverage
> industry has been traditionally governed by the
> Legislature, but also because the issue has many
> practical implications: for example, should any such
> liability extend to a hotel dining room or restaurant
> owner (or to a social host) as well as to a "tavern"
> owner? Should it extend to assaults or other torts by
> an inebriated person? To whom should such a cause of

action accrue? Should there be a special rule for
minors? And, inevitably, if a cause of action were
recognized under any of these circumstances, a
commercial dispenser of alcoholic beverages (and,
probably, a social host) would be a party to every
suit in which an intoxicated person is alleged to have
committed a tortious act.

. . .

…in our view, the General Assembly is in a far better
position than this Court to gather the empirical data
and to make the fact finding necessary to determine
what the public policy should be as to a Dram Shop
law, and the scope of any such law.

*Id.* at 556.

The Court finds the Supreme Court of Delaware's analysis

persuasive. As noted by the *Wright* court, the question for this

Court is whether we should expand the present reach of the tort

of negligence. This issue is one of first impression in the

Virgin Islands. It involves numerous public policy

considerations. As a federal court hearing this territorial law

issue under the Court's diversity jurisdiction, the Court is

disinclined to extend territorial law beyond its well-marked

boundaries. As such, the plaintiffs fail to allege a claim for

negligent service of alcohol as to Havana Blue, Marriott, and

DiamondRock. Thus, Counts One and Two will be dismissed insofar

as they allege negligent service of alcohol.

Havana Blue, Marriott, and DiamondRock argue that any

remaining negligence claims alleged in Count One must also be

dismissed because "none of these subsections are actually supported by allegations of fact." (Havana's Reply 23, ECF No. 24).

The plaintiffs argue that the only allegations relating to the negligent service of alcohol are those presented in paragraphs 27 and 36, subsections a-c, of the complaint. They assert that the remaining subsections of that paragraph assert independent negligence claims.

In the remaining subsections, the plaintiffs assert that Havana Blue, Marriott, and DiamondRock, were negligent for:

> d. Allowing an atmosphere to exist wherein persons are allowed and/or encouraged to drink to excess, endangering themselves and others; and/or
>
> e. Failing to warn patrons of the dangers involved with excessive consumption of alcohol; and/or
>
> f. Failing to promulgate and/or enforce rules prohibiting staff from fraternizing with patrons; and/or
>
> g. Failing to promulgate and/or enforce rules prohibiting staff from providing free alcohol to patrons to intoxicate them; and/or
>
> h. Failing to promulgate and/or enforce rules prohibiting staff from luring patrons off of restaurant/resort property; and/or
>
> i. Allowing an atmosphere to exist wherein patrons can be lured off of restaurant/resort property by Marriot International, Inc., Diamond Rock Hospitality, Co., and/or Frenchman's Reef & Morningstar Beach, agents, apparent agents, joint venturers, partners, servants, and/or employees; and/or

j. Failing to promulgate and/or enforce rules or procedures to deal with inebriated patrons, and ensure that these patrons make it safely back to their rooms from Havana Blue Restaurant; and/or

k. Failing to promulgate and/or enforce rules or security guidelines to ensure that inebriated patrons are not taken advantage of by Marriot International, Inc., Diamond Rock Hospitality, Co., and/or Frenchman's Reef & Morningstar Beach's, agents, apparent agents, joint venturers, partners, servants, and/or employees;

l. Hiring staff members who provide patrons with free alcohol; and/or

m. Hiring staff members who ply patrons with alcohol and then lure them off the premises; and/or

n. Failing to warn patrons of the dangers of leaving the premises with staff members. All of which caused the Plaintiff to be injured when she was lured to 4A Estate Tabor & Harmony St. Thomas, U.S.V.I. by Jorge Garcia and then fell off of the elevated and poorly lit driveway.

(Compl. ¶¶ 27, 36, ECF No. 1) (emphasis added). There are no facts in the complaint, other than those alleging negligent service of alcohol, which support the allegations in subsections d through n in Paragraphs 27 and 36 of the complaint. *Cf. Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's

elements will not do.") Thus, the plaintiffs fail to state any negligence claim as to Havana Blue, Marriott, and DiamondRock.

####    ii.   Count Five

Under agency principles, a principle may be held vicariously liable for its agent's negligent conduct committed within the scope of the agency relationship. *See generally Tavarez v. Klingensmith*, 267 F.Supp.2d 488, 454 (D.V.I. App. Div. 2003) (citing *Williams v. Rene*, 72 F.3d 1096, 1099 (3d Cir. 1995)).

Count Five of the complaint alleges, in part, that:

> 68. Plaintiff, Laura Torchin, was injured due to the fault and/or negligence of Defendants Marriot International, Inc., Diamond Rock Hospitality, Co., and Frenchman's Reef & Morningstar Beach, through the acts of their apparent agents, Defendant Blue Shore Grill, LLC,…

(Compl. ¶ 68, ECF No. 1).

The plaintiffs' claims against Marriott and DiamondRock in Count Five arise entirely from negligence claims as alleged against Havana Blue under an apparent agency theory of liability. The Court has already determined that all negligence claims asserted against Havana Blue must be dismissed as Havana Blue owed Laura Torchin no recognized legal duty under the facts alleged in the complaint. Generally, there lies no negligence claim against a principle under agency law where the agent commits no legally cognizable negligent conduct. However, "[a]

principal's own fault may subject the principal to liability to a third party harmed by an agent's conduct." Restatement (Third) of Agency § 7.03 cmt. b (2006). Here, the Court has determined that the direct negligence claims against Marriott and DiamondRock must also be dismissed as Marriott and DiamondRock owed Laura Torchin no recognized legal duty under the facts alleged in the complaint. The plaintiffs allege no additional negligent conduct as the basis for their apparent agency derivative claim. As such, Count Five fails to state a claim as to Marriott and DiamondRock.

### iii. <u>Count Six</u>

In Count Six, the plaintiffs aver in part that:

> 78. As Joint Venturers, Defendants Marriot[t] International, Inc., Diamond Rock Hospitality, Co., Frenchman's Reef & Morningstar Beach, and Blue Shore Grill, LLC are liable for each other's negligence. *As a result, Marriot[t] International, Inc., Diamond Rock Hospitality, Co., and Frenchman's Reef & Morningstar Beach, are liable for the negligent conduct of Blue Shore Grill, LLC*, and the damages previously described in this complaint. Participants in a Joint Venture are each liable for the torts of the other or of the servants of the joint undertaking committed within the course and scope of the undertaking, without regard to which of the joint venturers actually employed the servant.

> 79. Plaintiff, Laura Torchin, was injured due to the fault and negligence of Defendants Marriot[t] International, Inc., Diamond Rock Hospitality, Co., and Frenchman's Reef & Morningstar Beach, through the acts of their joint venturer…

(Compl. 78-79, ECF No. 1) (emphasis added).

The plaintiffs' claims against Marriott and DiamondRock in Count Six arise entirely from negligence claims as alleged against Havana Blue under a joint venture theory of liability. The Court has already determined that all negligence claims asserted against Havana Blue must be dismissed. The Court has also determined that the direct negligence claims asserted against Marriott and DiamondRock must be dismissed. The plaintiffs assert no additional negligent conduct as the basis for their joint venture derivative claim. As such, Count Six fails to state a claim as to Marriott and DiamondRock.[3]

iv. <u>Loss of Consortium</u>

"A loss of consortium is a derivative claim, dependent upon the existence of tortious conduct on the part of the defendant." *Banks v. International Rental & Leasing Corp.*, 2008 WL 501171, at *3 (D.V.I. Feb. 13, 2008) (citations omitted), *rev'd on other*

---

[3] The plaintiffs seek punitive damages from the defendants for conduct which they describe as "shocking, outrageous, evil-minded, and against the scruples and tolerance of a civil and moral society." (Compl. ¶ 89, ECF No. 1). "[P]unitive damages may lie only where 'there is a valid underlying cause of action.'" *Oliver v. Raymark Industries, Inc.*, 799 F.2d 95, 97 (3d Cir. 1986) (quoting *Nappe v. Anschelewitz*, 97 N.J. 37, 45-48 (N.J. 1984)); J. Ghiardi and J. Kircher, *Punitive Damages: Law and Practice* (1984) § 6.16 ("There is no separate tort of 'punitive damages,' nor can a plaintiff seek recovery of an exemplary award without basing such claim upon an underlying legal theory or recovery which involved some actual damages. Punitive damages will not be awardable unless a plaintiff has suffered actual damages that can be recompensed through an underlying cause of action.") The Court has dismissed the claims against Havana Blue, Marriott, and DiamondRock. As such, there is no basis for the plaintiffs' request for punitive damages. *See generally Oliver*, 799 F.2d at 99 ("Like punitive damages in strict products liability or negligence, damages for loss of consortium can be recovered only where

*grounds*, 680 F.3d 296 (3d Cir. 2012). "Consequently, where there is no tort liability, a plaintiff's loss of consortium claim must fail." *Id.* (citations omitted).

"The cause of action for loss of consortium seeks to compensate the uninjured spouse for the 'disruptive influence in the sphere of family and social life' caused by the negligently inflicted injury to his spouse." *Kingman v. Dillard's, Inc.*, 643 F.3d 607, 615-16 (8th Cir. 2011) (citing *Helming v. Dulle*, 441 S.W.2d 350, 355 (Mo. 1969)). "Thus, an uninjured husband can recover for the loss of his wife's share of 'those mutual contributions that are normally expected in the maintenance of a household.'" *Kingman*, 643 F.3d at 616 (citing Restatement (Second) of Torts § 693 cmt. f).

In support of his claim for loss of consortium in Count Seven, Brian Torchin states:

> 83. On or about December 16, 2009, All [sic] of the above named Defendants and/or their agents, servants, and/or employees, breached their duty to provide Plaintiff Laura Torchin with reasonable care.
>
> 84. As Laura Torchin's husband, Brian Torchin is entitled to recover damages that will reasonably compensate him for his loss of consortium/society.
>
> 85. As a direct and proximate result of Defendant's negligence and other wrongful conduct, Plaintiff Brian Torchin has in the past and will in the future suffer

there is a finding of direct injury-in this case, injury to the other spouse.") (citations omitted).

> loss of his wife's care, services, society, love,
> affection, and sexual relations.

(Compl. ¶¶ 83-85, ECF No. 1).

The negligence claims against Havana Blue, Marriott, and DiamondRock as alleged in Counts One and Two have been dismissed. The plaintiffs do not allege any additional negligent conduct as against Havana Blue, Marriott, and DiamondRock in the remaining counts of the complaint. As such, Brian Torchin's derivative claim for loss of consortium cannot survive.

## B. Summary Judgment

The plaintiffs claim that Jorge D. Garcia was negligent under a premises liability theory.

According to the Restatement (Third) of Torts § 51:

> Subject to § 52,[4] a land possessor[5] owes a duty of
> reasonable care to entrants on the land with regard
> to:

---

[4] Restatement (Third) of Torts: Phys. & Emot. Harm § 52 (T.D. No. 6, 2009), discusses the duty of land possessors to flagrant trespassers.

[5] A possessor of land is

> (a) a person who occupies the land and controls it;
> (b) a person entitled to immediate occupation and control of
>     the land if no other person is a possessor of the land under
>     Subsection (a); or
> (c) a person who had occupied the land and controlled it if no
>     other person subsequently became a possessor under Subsection
>     (a) or (b).

Restatement (Third) of Torts: Phys. & Emot. Harm § 49 (T.D. No. 6, 2009).

> A person is in control of the land if that person has the ability
> to take precautions to reduce the risk of harm to entrants on
> the land, which is the reason for imposing the duties contained
> in this Chapter on land possessors. Ordinarily, an owner of

> (a) conduct by the land possessor that creates risks to entrants on the land;
>
> (b) artificial conditions on the land that pose risks to entrants on the land;
>
> (c) natural conditions on the land that pose risks to entrants on the land; and
>
> (d) other risks to entrants on the land when any of the affirmative duties provided in Chapter 7 is applicable.

Restatement (Third) of Torts: Phys. & Emot. Harm § 51 (T.D. No. 6, 2009). "This Section [of the Restatement (Third) of Torts] rejects the status-based duty rules and adopts a unitary duty of reasonable care to entrants on the land." *Id*. at cmt. a. "The rule in this Section is similar to that in Restatement Second, Torts § 343, describing the duty applicable to invitees…" *Id*. "The rule requires a land possessor to use reasonable care to investigate and discover dangerous conditions and to use reasonable care to attend to known or reasonably knowable conditions on the property." *Id*. The reasonable care standard "only requires attending to foreseeable risks in light of the then-extant environment, including foreseeable precautions by others." *Id*.

---

property who occupies it is in control of the property. However, the owner may permit others to take control of the property. Thus, the owner may enter into a lease providing a tenant with control of the land.

*Id*. at cmt. c.

> Precautions may be of two general types, durable and
> transient. The latter are illustrated by oral
> warnings, which are issued at a given place and time
> and then vanish. Durable precautions, by contrast,
> remain in place and thus eliminate or reduce risk over
> a lengthier period of time. Whether a land possessor
> has breached a duty of reasonable care may depend on
> whether the precaution the plaintiff alleges that the
> defendant failed to adopt is durable or transient.

*Id*. at cmt. h.

> Known or obvious dangers pose a reduced risk compared
> to comparable latent dangers because those exposed can
> take precautions to protect themselves. Nevertheless,
> in some circumstances a residual risk will remain
> despite the opportunity of entrants to avoid an open
> and obvious risk. Land possessors have a duty of
> reasonable care with regard to those residual risks.
> Thus, the fact that a dangerous condition is open and
> obvious bears on the assessment of whether reasonable
> care was employed, but it does not pretermit the land
> possessor's liability.
>
> …
>
> If a danger is open and obvious, a warning ordinarily
> will not provide additional protection against harm.
> The usual purpose of a warning is to notify of the
> existence of the risk. (In some circumstances, a
> warning plays other roles, such as providing
> information about alternative courses of action or how
> to ameliorate any harm that does occur.) Risks that
> are known, open, or obvious already provide notice to
> those who might be exposed to the risk, and a warning
> of its existence would be superfluous. Hence, if the
> only purpose of a warning would be to provide notice
> of a danger that is open and obvious, there is no
> liability for failing to provide such a warning.

*Id*. at cmt. k.

In support of his motion for summary judgment, Garcia avers

that he warned Laura Torchin of the driveway's condition:

> 9. We left Havana Blue and drove to my apartment at
> Tabor and Harmony. As I pulled into the driveway, I
> told the girls "When you are getting out of the Jeep,
> be careful, there's a ledge there." The girls heard
> me, but were engaged in their own discussion, so I
> repeated what I said. After the second warning, Laura
> and Carolyn acknowledge [sic] what I said and exited
> the Jeep.

(Garcia Aff. ¶ 9, ECF No. 27-1).

Also in support of his motion for summary judgment, Garcia

provides the affidavit of Havana Blue employee Drew Alston

("Alston"). In his affidavit, Alston avers that

> 7. I saw Jorge, Laura and Carolyn again on the evening
> of December 15, 2009, while I was working at Havana
> Blue, and neither Laura nor Carolyn appeared
> intoxicated to me.

(Alston Aff. ¶ 7, ECF No. 27-2).

Based on the evidence, the Court finds that Garcia has met

his initial summary judgment burden. The burden of persuasion

thus shifts to the plaintiffs to show the existence of some

genuine issue of material fact.

The plaintiffs offer the affidavit of Carolyn McGrath as

proof that there exists a genuine issue of material fact. In her

affidavit, McGrath avers that

> 5. Laura's injury happened shortly after we pulled up
> to the residence. It was very dark. Jorge Garcia
> pulled into the driveway and unbeknownst to us, parked
> too close to the edge of the driveway.

…

8. . . . . Mr. Garcia made no mention of the drop off at the edge of the driveway, nor did he repeatedly advise Laura and I to use any caution, either specifically or generally when exiting the vehicle he was driving.

9. When Laura stepped out of the vehicle, she stumbled slightly as she attempted to squeeze out of the backseat and exit the jeep. Because Jorge Garcia parked so close to the edge of the driveway with the passenger door of his jeep immediately adjacent to the drop off, and because there was no barrier there to catch her or to brace her fall, Laura fell over the precipice and onto the ground. This is how Laura sustained her injuries.

(McGrath Aff. ¶¶ 5, 8-9, ECF No. 72-1).

Drawing all reasonable inferences in favor of the non-moving party, the Court finds that summary judgment is not appropriate at this time as genuine issues of material fact exist.

## IV. <u>CONCLUSION</u>

For the reasons discussed above, the Court will grant Havana Blue's motion to dismiss. The Court will grant Marriott's motion to dismiss. The Court will grant DiamondRock's motion to dismiss. The Court will deny Garcia's motion for summary judgment. An appropriate order follows.

S\

**Curtis V. Gómez**
**Chief Judge**