```
                    DISTRICT COURT OF THE VIRGIN ISLANDS
                       DIVISION OF ST. THOMAS AND ST. JOHN

LAURA TORCHIN and BRIAN TORCHIN, )
                                 )
              Plaintiffs,        )
                                 )
         v.                      )    Civil No. 2011-115
                                 )
BLUE SHORE GRILL, LLC, d/b/a     )
HAVANA BLUE, MARRIOTT            )
INTERNATIONAL, INC., DIAMOND     )
ROCK HOSPITALITY CO.,            )
FRENCHMAN'S REEF & MORNING STAR  )
BEACH RESORT, DARYL (a/k/a       )
ELVIS) D. CHRISTOPHER, JORGE D.  )
GARCIA, and XYZ CORPORATION,¹    )
                                 )
              Defendants.        )
                                 )
```

**ATTORNEYS:**

**Jason R. Margulies, Esq.**
**Michael A. Winkleman**
Lipcon, Margulies, Alsina & Winkleman
Miami, FL
   *For Laura Torchin and Brian Torchin.*

**John-Russell Bart Pate, Esq.**
J.R. Pate, PC – Law Office
St. Thomas, U.S.V.I.
   *For Laura Torchin and Brian Torchin.*

**Chad C. Messier, Esq.**
**Justin K. Holcombe**
Dudley Topper & Feuerzeig
St. Thomas, U.S.V.I.
   *For Blue Shore Grill LLC d/b/a Havana Blue, Marriott*
   *International Inc., DiamondRock Hospitality Co.,*
   *Frenchman's Reef & Morning Star Beach Resort, Jorge D.*

---

[1] The plaintiffs state that "[d]efendant, XYZ Corporation, is included in an abundance of caution in the event that discovery reveals that another entity, whose name is not yet known to the Plaintiff, owns, manages, or operates any defendant business entities." (Compl. ¶ 10.)

      *Garcia, DiamondRock Frenchmans Owner, Inc. d/b/a Frenchmans Reef & Morningstar Marriott Beach Resort.*

**Robert L. King, Esq.**
Law Offices of Robert L. King
St. Thomas, U.S.V.I.
      *For Daryl (Elvis) D. Christopher and Doreen E. Christopher.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of the plaintiffs, Laura and Brian Torchin, for certification of this Court's August 30, 2012, order, as a final judgment pursuant to Federal Rule of Civil Procedure 54(b).

### I. FACTUAL AND PROCEDURAL BACKGROUND

On or about December 15, 2009, Laura Torchin was a patron at the Havana Blue Restaurant. While at the restaurant, Laura Torchin and her cousin, Carolyn McGrath ("McGrath"), were served alcoholic beverages by Jorge Garcia ("Garcia"). At that time, Garcia was an employee of Blue Shore Grill, LLC, Marriott International, Inc., Diamond Rock Hospitality, Co., and Frenchman's Reef & Morning Star Beach Resort.

After leaving Havana Blue Restaurant, Laura Torchin and McGrath were driven by Garcia to his rented residence at 4A Estate Tabor & Harmony in St. Thomas, U.S. Virgin Islands ("the

residence").[2] As Laura Torchin attempted to exit the vehicle at the residence, she fell from an elevated driveway and was injured.

Laura Torchin and her husband, Brian Torchin, then filed this seven count complaint. In Count One, Laura Torchin alleges negligence against Blue Shore Grill, LLC, d/b/a Havana Blue under various theories of liability. In Count Two, Laura Torchin alleges negligence against Marriott International, Inc., Diamond Rock Hospitality, Co., and Frenchman's Reef & Morning Star Beach Resort under various theories of liability. In Count Three, Laura Torchin alleges negligence against Garcia and against Daryl "Elvis" Christopher and Doreen E. Christopher (collectively referred to as "the Christophers") under a theory of premises liability. In Count Four, Laura Torchin alleges negligence per se against the Christophers under "the 2009 International Building Code." (Compl. ¶ 52, ECF No. 1.) In Count Five, Laura Torchin alleges negligence against Marriott International, Inc., Diamond Rock Hospitality Co., and Frenchman's Reef & Morningstar Beach Resort under an apparent agency theory of liability. In Count Six, Laura Torchin alleges negligence against Marriott International, Inc., Diamond Rock

---

[2] The residence is owned by Daryl "Elvis" Christopher and Doreen E. Christopher (collectively referred to as "the Christophers").

Hospitality, Co., Frenchman's Reef & Morningstar Beach Resort, and Blue Shore Grill, LLC, under a joint venture theory of liability. In Count Seven, Brian Torchin seeks damages for loss of consortium from each of the defendants. The plaintiffs also seek punitive damages from Blue Shore Grill, LLC, Marriott International, Inc., Diamond Rock Hospitality, Co., Frenchman's Reef & Morning Star Beach Resort, and the Christophers.

Blue Shore Grill, LLC, d/b/a Havana Blue (hereinafter, "Havana Blue"), Marriott International, Inc. (hereinafter, "Marriott"), and DiamondRock Frenchman's Owner, Inc., d/b/a Frenchman's Reef & Morningstar Marriott Beach Resort (hereinafter, "DiamondRock"), then separately moved to dismiss the counts against them pursuant to Federal Rule of Civil Procedure 12(b)(6). Garcia moved for summary judgment.

In a memorandum opinion and order, both issued on August 30, 2012, the Court granted the motions to dismiss filed by Havana Blue, Marriott, and DiamondRock. The Court denied Garcia's motion for summary judgment.

On September 27, 2012, Laura and Brian Torchin moved for entry of judgment pursuant to Fed. R. Civ. P. 54(b). They also moved to stay further proceedings pending the outcome of the forthcoming appeal. That same day, Laura and Brian Torchin filed a notice of appeal of the Court's August 30, 2012, memorandum

*Torchin, et al. v. Blue Shore Grill, et al.*
Civil No. 2011-115
Memorandum Opinion
Page 5

opinion and order to the United States Court of Appeals for the Third Circuit.

On the following day, the Court issued an order designating this case as a suspense matter.

Subsequently, the Third Circuit issued an order stating:

> Appellants seek review of the District Court's order and opinion entered August 30, 2012. The order and opinion appealed from do not dismiss all claims as to all parties and have not yet been certified under Fed. R. Civ. P. 54(b). It is noted that Appellants have filed a motion in District Court for entry of final judgment pursuant to Rule 54(b) as to dismissed defendants Blue Shore Grill, LLC, Marriott International, Inc., and DiamondRock Frenchman's Owner, Inc., which remains pending. The parties are hereby directed to immediately advise this Court, in writing, when the District Court has ruled on the Rule 54(b) motion. If the District Court denies the motion, the parties are hereby ORDERED to file written responses addressing this Court's authority to hear the appeal within fourteen (14) days of the date of entry of the District Court's order.

(3d Cir. Order, Oct. 5, 2012.)

Thereafter, Garcia and Havana Blue filed an opposition to Laura and Brian Torchin's motion for entry of judgment and to stay proceedings pending appeal. DiamondRock and Marriott joined in the opposition.

## II. <u>DISCUSSION</u>

"Ordinarily the proceedings in a district court must be final as to [] all causes of action and parties for a court of appeals to have jurisdiction over an appeal under 28 U.S.C. § 1291."[3] *Morton Intern., Inc. v. A.E. Staley Mfg. Co.*, 460 F.3d 470, 476 (3d Cir. 2006) (citations omitted). "The classic definition of a 'final decision' is one that 'ends the litigation on the merits and leaves nothing for the court to do but execute judgment.'" *Id.* (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996)). "Thus, an order which terminates fewer than all claims, or claims against fewer than all parties, does not constitute a 'final' order for purposes of appeal under 28 U.S.C. § 1291." *Morton*, 460 F.3d at 476 (internal quotations and citation omitted).

---

[3] According to 28 U.S.C. § 1291:

> The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all *final* decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court. The jurisdiction of the United States Court of Appeals for the Federal Circuit shall be limited to the jurisdiction described in sections 1292(c) and (d) and 1295 of this title.

28 U.S.C.A. § 1291 (West 2012) (emphasis added).

Federal Rule of Civil Procedure 54(b) ("Rule 54(b)") provides:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay*. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b) (emphasis added). "By allowing a district court to enter a final judgment on an order adjudicating only a portion of the matters pending before it in multi-party or multi-claim litigation and thus allowing an immediate appeal, Rule 54(b) attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." *Elliott v. Archdiocese of New York*, 682 F.3d 213, 220 (3d Cir. 2012) (internal quotations and citation omitted).

However, "[c]ertification of a judgment as final under Rule 54(b) is the exception, not the rule, to the usual course of proceedings in a district court." *Elliott*, 582 F.3d at 220. As

the United States Supreme Court has explained, "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims. The function of the district court under the rule is to act as a dispatcher." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). Moreover,

> [rule] 54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel. The power which this Rule confers upon the trial judge should be used only in the infrequent harsh case as an instrument for the improved administration of justice and the more satisfactory disposition of litigation in the light of the public policy indicated by statute [28 U.S.C. § 1291] and rule.

*Panichella v. Pa. R.R. Co.*, 252 F.2d 452, 455 (3d Cir. 1958) (internal quotation marks and citation omitted).

"Rule 54(b) thus requires that a district court first determine whether there has been an ultimate disposition on a cognizable claim for relief as to a claim or party such that there is a 'final judgment.'" *Elliott*, 682 F.3d at 220 (quoting *Curtiss-Wright Corp.*, 446 U.S. at 7). "If it determines that there has been such a disposition, 'the district court must go on to determine whether there is any just reason for delay,' taking into account 'judicial administrative interests as well as the equities involved.'" *Elliott*, 682 F.3d at 220 (quoting *Curtiss-Wright Corp.*, 446 U.S. at 7-8).

### III. ANALYSIS

In their motion for entry of judgment and to stay proceedings pending appeal, the plaintiffs argue that both of the requirements necessary for granting a motion pursuant to Rule 54(b) have been met. Specifically, they aver that the order at issue is a "final judgment" as to the corporate defendants. They also aver that "judicial administrative interest and equity both demonstrate that there is no just reason for a delay for entering judgment as to the Corporate Defendants." (Mot. for Entry of J. 4, ECF No. 104.)

In their opposition, the defendants argue that the second requirement has not been satisfied.

In *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195 (3d Cir. 2006), Douglas Colkitt ("Colkitt") and Berckeley Investment Group, Ltd. ("Berckeley") brought suit against each other, and third parties, for breach of contract. Thereafter, Berckeley and Colkitt filed cross-motions for summary judgment. The district court issued an order granting Berckeley's motion for summary judgment. In its order, the court noted that there remained three issues for consideration and expressed that it would defer entry of final judgment pending resolution of the remaining issues.

The court ordered the parties to file briefs as to how the court should proceed with the remaining issues. The parties complied with the court's order. Berckeley suggested in its brief that the court permit Berckeley to file a motion for entry of final judgment against Colkitt and that the court stay further proceedings pending satisfaction of the summary judgment. Specifically, Berckeley asserted that the court should stay proceedings against one of the third party defendants, Shoreline Pacific Institutional Finance ("Shoreline"), for one year "because satisfaction of Berckeley's judgment against Colkitt would dispose of any remaining claims by or against Shoreline." *Berckeley*, 455 F.3d at 200. Colkitt stated in his brief that he intended to seek leave for an immediate appeal of the summary judgment in favor of Berckeley.

Subsequently, Berckeley filed a motion or entry of final judgment against Colkitt pursuant to Rule 54(b). It also filed a motion to stay further proceedings. Colkitt opposed the motions. The district court granted Berckeley's motions and it entered an order certifying the partial summary judgment as "final." Colkitt appealed the district court's certification.

On appeal, the threshold issue before the United States Court of Appeals for the Third Circuit was "whether the district court abused its discretion in certifying the order against

Colkitt as a partial final judgment pursuant to Rule 54(b)." *Berckeley*, 455 F.3d at 201. The Third Circuit first noted that there was no dispute that "the District Court's decision entering summary judgment in favor of Berckeley on all claims against Colkitt constituted a final judgment." *Id*. at 202. As such, the Circuit narrowed its inquiry to "whether the District Court abused its discretion in certifying that judgment for immediate appeal under Rule 54(b) on the basis that there was 'no just reason for delay.'" *Id*.

The Circuit looked to the Supreme Court's instruction that "district courts are to consider judicial administrative interests, as well as the equities involved in the case, in order to determine whether discrete final decisions in multiple-claim actions are ready for appeal." *Id*. (citing *Curtiss-Wright Corp.*, 446 U.S. at 8). The Circuit posed, "as a benchmark against the District Court's exercise of discretion," the question of "whether that discretion was applied in the 'interest of sound judicial administration.'" *Berckeley*, 455 F.3d at 202 (quoting *Curtiss-Wright Corp.*, 446 U.S. at 10).

The *Berckeley* court then noted that the Third Circuit, in *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360 (3d Cir. 1975), presented five factors a court should consider when determining whether there exists a "just reason for delay" under

*Torchin, et al. v. Blue Shore Grill, et al.*
Civil No. 2011-115
Memorandum Opinion
Page 12

Rule 54(b), (the "*Allis-Chalmers* factors"). The *Allis-Chalmers* factors are:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Allis-Chalmers Corp.*, 521 F.2d at 364.

In reviewing the district court's order granting the motion for entry of judgment, the *Berckeley* court noted that the district court had appropriately addressed each of the *Allis-Chalmers* factors:

> First, the District Court concluded that the adjudicated claims between Berckeley and Colkitt and the outstanding unadjudicated claims did not conflict because "the other pending claims may easily be resolved upon the execution of the order of final judgment against Colkitt." (App. VI at 5.) Second, the court stressed that the procedural posture of this case presented the possibility that immediate appellate review might actually moot the remaining proceedings in front of the District Court, which were wholly derivative of the claims on appeal. (*Id.*) . . . . Third, the District Court stated that it was unlikely that the remaining claims between Berckeley and

>       Colkitt could be revisited a second time on
>       appellate review because the remaining
>       claims did not involve Berckeley and
>       Colkitt. (*Id*. at 6.) Finally, the District
>       Court mentioned two judicial economy
>       considerations weighing in favor of
>       certification: (1) depending upon the result
>       on appeal, immediate appellate review could
>       shorten the time for trial or eliminate the
>       need for a trial altogether; and (2) any
>       further delay in the lengthy proceedings
>       could prejudice Berckeley's ability to
>       execute the judgment. (*Id*.)

*Berckeley*, 455 F.3d at 203-04.

The Circuit concluded that, "[t]aking all of these factors into consideration – the possibility that our determination on appeal might moot the remaining claims, the derivative nature of the remaining claims, the length of the litigation, and the possibility that further delays might impair Berckeley's ability to execute the judgment – we find that the decision of the District Court to certify the order as a partial final judgment was not 'clearly unreasonable.'" *Id*. at 204. As such, the Circuit concluded that it had appellate jurisdiction over the appeal.

Here, in its August 30, 2012, order, the Court dismissed in their entirety all claims pending against Havana Blue, Marriott, and DiamondRock (the "corporate defendants"). The August 30, 2012, order was thus an "ultimate disposition on a cognizable claim for relief" as to all claims asserted against the

corporate defendants. *Curtiss-Wright Corp.*, 446 U.S. at 7. Thus, the order functioned as a "final judgment" as to those defendants. Therefore, the first requirement necessary for entry of judgment pursuant to Rule 54(b) has been satisfied. As such, the Court will move to an examination of whether the second requirement is satisfied. As previously noted, examination of the second requirement necessitates that the Court consider the *Allis-Chalmers* factors.

Having reviewed "the relationship between the adjudicated and unadjudicated claims," the Court first notes that each of the claims which the Court dismissed in its August 30, 2012, order, arose from the underlying allegation that the corporate defendants, directly or indirectly, negligently served alcohol to Laura Torchin. The remaining claims assert various theories of premises liability against the non-corporate defendants, Jorge D. Garcia, Daryl "Elvis" Christopher, and Doreen E. Christopher. There is no overlap of any substantive legal issue. The premises liability claims relate only to the alleged deficiencies on the premises where Laura Torchin fell. The dismissed claims relate to alleged deficiencies in service of alcohol to Laura Torchin that may have contributed to her injury. Further, the corporate defendants are not alleged as tortfeasors in the unadjudicated claims. Thus, the Court finds

that the first *Allis-Chalmers* factor weighs in favor of granting the Rule 54(b) motion.

Moving to the second *Allis-Chalmers* factor, "the possibility that the need for review might or might not be mooted by further developments in the district court," the Court notes that the unadjudicated claims are not derivative of the adjudicated claims. As such, there is no possibility that the need for review of the adjudicated claims might be mooted by future developments in this Court as to the unadjudicated claims. Thus, the second *Allis-Chalmers* factor weighs in favor of granting the motion.

The third *Allis-Chalmers* factor requires that the Court consider "the possibility that the reviewing court might be obliged to consider the same issue a second time." In undertaking that consideration, the Court finds that the unadjudicated claims do not involve the parties who had the resolved claims adjudicated in their favor - the corporate defendants. The remaining claims relate only to the alleged premises liability of the non-corporate defendants. Thus, the reviewing court would not be obliged to consider the same issue, negligent service of alcohol, a second time. As such, the third factor weighs in favor of granting the motion.

Under the fourth *Allis-Chalmers* factor, the Court must determine whether there exists a claim or counterclaim which might result in set-off against the judgment sought to be made final. In *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 366 (3d Cir. 1975), the Third Circuit explained that,

> the presence of a counterclaim, which could result in a set-off against any amounts due and owing to the plaintiff, weighs heavily against the grant of 54(b) certification. In [*TPO Inc. v. Federal Deposit Ins. Corp.*, 487 F.2d 131 (3d Cir. 1973)], We stated: [] ". . . In our view the counterclaim is compulsory, and its presence weighs the scales against the grant of summary judgment." 487 F.2d at 134. . . . we are concerned here, as we were in TPO Incorporated, with the possibility that a defendant will have to pay over monies to a plaintiff only to be reimbursed if defendant prevails on its as yet unadjudicated counterclaim. As stated in Wright & Miller, Federal Practice and Procedure: Civil s 2659 (1973): [] ". . . (T)he possibility of a set-off if defendant recovers on a counterclaim may indicate that an immediate appeal should not be allowed, (footnote omitted) presumably because of the undesirability of awarding an amount that may be reduced by a subsequent judgment on defendant's counterclaim. . . ." Thus, as we stated previously, we view the presence of a counterclaim seeking a set-off as one factor weighing against the grant of 54(b) certification in a case such as this one. See Schroeter v. Ralph Wilson Plastics, Inc., 49 F.R.D. 323 (S.D.N.Y.1969).

*Allis-Chalmers*, 521 F.2d at 366. Here, there are no counterclaims. The adjudicated and unadjudicated claims are not

*Torchin, et al. v. Blue Shore Grill, et al.*
Civil No. 2011-115
Memorandum Opinion
Page 17

related. The corporate defendants, who have been wholly dismissed from this action, are not subject to any liability which might arise from the remaining claims asserted against Garcia and the Christophers. As such, there is no possibility that the defendants will later have to "pay over monies," or be reimbursed for any payments (as there have been none), once the remaining claims are adjudicated. Thus, the fourth factor weighs in favor of granting the motion. *Cf. Allis-Chalmers*, 521 F.2d at 366 ("we view the presence of a counterclaim seeking a set-off as one factor weighing against the grant of 54(b) certification").

In considering the fifth *Allis-Chalmers* factor, the Court must look to miscellaneous factors such as those articulated by the *Allis-Chalmers* court. In undertaking that inquiry, the Court makes note of the plaintiffs' arguments:

> If this court does not enter judgment and stay further proceedings, the Plaintiff will be forced to [] move forward against only three of the six Defendants, who will undoubtedly "point the finger" at the non-parties. A jury will be asked to apportion fault to Corporate Defendants without allowing them to plead their case. Then at the close of the proceedings and entry of judgment, if the Third Circuit were to find that the Corporate Defendants should not have been dismissed, the case would have to be re-tried against just those Defendants and a jury would again be asked to apportion fault. This could lead to incongruous results.

> Alternatively, the entire case may have to be re-tried with all Defendants involved. This would be an extreme waste of both the Court's and the Parties' resources.

(Mot. for Entry of J. 5.)[4]

The concerns held by the plaintiffs are well taken. Indeed, the plaintiffs primarily seek to be made whole for one particular injury--the injury sustained by Laura Torchin when she fell from a driveway in the early morning hours of December 16, 2009. After a jury hears the case against the non-corporate defendants as to the unadjudicated claims, the jury will necessarily have to apportion fault as to Laura Torchin's injuries. Because the corporate defendants have been dismissed from the case, the fault will most likely be apportioned between the non-corporate defendants and Laura Torchin herself. At that point, this matter will be final for the purpose of 28 U.S.C. § 1291, and the plaintiffs will be able to appeal the Court's dismissal of the corporate defendants without the necessity of a Rule 54(b) certification. If on review the appellate court decides that the corporate defendants should not have been

---

[4] The plaintiffs also remind the Court that the adjudicated claims involve novel issues. Though the novelty of the issues underlying the adjudicated claims might be a legitimate basis upon which to hinge an appeal, the Court does not find that such novelty, standing alone, justifies an immediate appeal. This finding is particularly inspired by the reality that a prompt resolution of the novel issues on appeal will not aid in the disposition of the unadjudicated claims.

dismissed, the apportionment of fault for Laura Torchin's injuries will need to be addressed once again.

While the Court notes that some concerns raised by the plaintiffs are general concerns that likely accompany every case in which there is a Rule 54(b) motion, there are certainly judicial administration interests and efficiency considerations, in addition to the weight of the *Allis-Chalmers* factors, which weigh in favor of certifying the August 30, 2012, order.

## IV. CONCLUSION

Taking all of the *Allis-Chalmers* factors into consideration, the Court, in its well-reasoned discretion, finds that there is no just reason for delay. Thus, the Court concludes that the entry of final judgment pursuant to Rule 54(b) is appropriate at this time. As such, the Court will grant the plaintiffs' motion for certification of the August 30, 2012, order dismissing the corporate defendants as a final judgment pursuant to Fed. R. Civ. P. 54(b). An appropriate judgment follows.

S\_____
     **Curtis V. Gómez**
        **Chief Judge**