IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| LAURA TORCHIN and BRIAN TORCHIN, ) | |
| ) | Civil No. 2011-115 |
| Plaintiffs, ) | |
| v. ) | |
| ) | |
| DARYL (a/k/a Elvis) CHRISTOPHER and ) | |
| DOREEN CHRISTOPHER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Before the Court is the Christophers' motion to compel production [DE 167] of personal injury plaintiff Laura Torchin's tax returns for the last ten years.[1] In response, Torchin contends that, because she has no claim for lost wages or impaired future earning power,[2] plaintiff's "private financial information" is not discoverable, and she objects to producing tax returns. [DE 168]. Torchin further contends that in discovery she provided information and documentation showing that she is receiving social security disability because she is unable to work as a result of the fall that is the subject of this case.

The Christophers argue that the tax returns are "relevant to discovering Torchin's actual harm and amount of disability, if any. This information will allow Defendants to see if Mrs. Torchin has any sources of income, apart from her income through disability, that questions the permanency and veracity of her ailments." Defs.' Mot. at 2 [DE 167]. The Court discussed this

---

[1] The actual production request at issue appears to be No. 18: "Where Plaintiff claims to have sustained loss [sic] income or impaired future earning power, all income tax returns filed by or on behalf of Plaintiff for the last ten years." Pls.' Resp. at 2-3 and Ex. 1 [DE 168 and 168-1]. The Christophers failed to provide the request to the Court despite the requirements of Local Rule of Civil Procedure 37.2(b).

[2] Plaintiffs' Complaint alleges repeatedly that Laura Torchin "suffered . . .lost earnings and earning capacity past and future" for which she seeks damages, including "past and future economic damages." *E.g.*, Compl. ¶¶ 48, 58, and p. 26 [DE 1]. Nevertheless, Torchin states "[p]laintiffs have put on the record before the Court and in sworn discovery responses that they are not seeking lost income or impaired future earning power." Pls.' Resp. at 3 [DE 168].

*Torchin, et al. v. Christopher*, et al.
Civil No. 2011-115
Page 2

matter with the parties at a status conference on April 17, 2014, and specifically directed the Christophers that if they chose to file a motion to compel, they were to provide any applicable authority that would support requiring the production of tax returns under these circumstances. Defendants proffered no such authority.

## I.     LEGAL STANDARDS

Federal Rule of Civil Procedure 26 allows discovery into matters that are relevant to the claims and defenses in a case, or that are reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Unless a claim of privilege is appropriate, or there is some other valid objection to the discovery request, *e.g.* Fed. R. Civ. P. 26(b)(2) and (5), a response should be made and the information provided. In addition, the parties must, "without awaiting a discovery request," provide to the other party the information called for in Rule 26(a)(1)(A), including copies of documents that "may" be used to support a claim or defense. Fed. R. Civ. P. 26(a)(1) (A).

"Relevance for discovery purposes is broadly and liberally construed. Privilege, as opposed to relevance, is to be narrowly construed, with the burden of establishing it on the party asserting it. Answers to interrogatories and document requests must be complete, explicit and responsive." *Gow v. Chrysler Corp.*, 1987 U.S. Dist. LEXIS 10094, *2 (E.D. Pa. June 30, 1987)(internal citations omitted).

With respect to the production of tax returns, this Court has previously ordered their production where the parties were conducting discovery on damages. *See Gov't Guarantee Fund v. Hyatt Corp.,* 37 V.I. 186 (D.V.I. 1997). The right to discover tax returns is not unlimited, however, because "[a]lthough tax returns are not privileged, sound public policy considerations

*Torchin, et al. v. Christopher*, *et al.*
Civil No. 2011-115
Page 3

militate against their unnecessary disclosure. Where . . . the relevant information can be obtained from alternative sources and where plaintiff has not made an issue of the amount of his past income, there is no need to require plaintiff to fully disclose the contents of his past income tax returns." *Maldonado v. St. Croix Discount, Inc.*, 77 F.R.D. 501, 503 (D.V.I. 1978)(noting that information could be gleaned from W-2 wage statements produced and estopping plaintiff from claiming more income than was reflected in such statements). *See also Epstein v. Township of Whitehall*, 1989 U.S. Dist. LEXIS 8207, *2-3 (E.D. Pa. Jul. 18, 1989)(citations omitted) (tax returns are not immune from discovery but the "decision to disclose them involves balancing a policy of liberal discovery against a policy advocating the confidentiality of the tax returns;" court would only compel disclosure if information sought in the returns is relevant and not readily available elsewhere).

## II.   ANALYSIS

Here, plaintiff Laura Torchin has made clear that she now does not seek lost wages or damages based upon a loss of future earning capacity. Under *Maldonado,* then, it would seem that plaintiff does not have to disclose all of her tax returns, so long as information contained in such returns and bearing on relevant issues is produced or available from other sources.

What the Christophers are looking for, boiled down to its essence, is any evidence that plaintiff is able to and is in fact earning anything post-accident, because this would tend to show that her physical injuries are not as extensive as claimed. As noted, the parties have not brought any cases to the Court's attention that deal with the production of tax returns for this purpose. Moreover, the Court's research has not uncovered any such authority either.

*Torchin, et al. v. Christopher*, et al.
Civil No. 2011-115
Page 4

With respect to whether plaintiff is earning income, it would appear that W-2's, 1099's, pay stubs or other such documents would be sufficient to show that, even if entire tax returns were not produced. Also, medical records and the extensive records required in connection with applying for and receiving social security disability benefits would supply a great deal of information on the issue of the extent of plaintiff's injury and disability, if any. Conversely, a person's tax returns are not likely at all to provide much in support of or against a claim of physical injury. In these circumstances, the Court finds the relationship of a tax return itself to the plaintiff's physical condition is simply too attenuated to overcome the confidentiality normally accorded tax returns, in the absence of a claim for lost wages or earning capacity.

### III.   CONCLUSION

Accordingly, the premises considered, it is hereby ORDERED that the motion to compel [DE 167] is DENIED.

**Dated:**   April 29, 2014           S_____
                                      **RUTH MILLER**
                                      United States Magistrate Judge