IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| LAURA TORCHIN and BRIAN TORCHIN ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | Civil No. 2011-115 |
| DARYL (a/k/a Elvis) CHRISTOPHER and ) | |
| DOREEN CHRISTOPHER, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

Before the Court is Daryl and Doreen Christopher's Motion to Compel Answers at Deposition and to Continue the Deposition of Brian Torchin at the Plaintiff's Expense, pursuant to Federal Rule of Civil Procedure 37(a)(3)(c). [DE 166]. Plaintiffs oppose the motion, and submitted a transcript of the initial deposition of Brian Torchin for the Court's consideration. [DEs 169, 169-1].

In this personal injury action involving allegedly serious injuries to Laura Torchin, on Friday, April 11, 2014 at 10:50 a.m., the Christophers' counsel began the deposition of plaintiff Brian Torchin (plaintiff Laura Torchin's husband).[1]  Counsel initially asked a series of questions about the deponent's education and employment history. [DE 169-1, at 6-22]. Then counsel began inquiring into the existence and details of Torchin's past criminal conviction for "healthcare fraud." *Id.* at 22-29. After several moments, plaintiffs' counsel began objecting and instructing Torchin not to answer further questions on that subject. *Id.* at 29-30. After a brief exchange between counsel, and additional questions on the same subject, to which the instruction not to answer was given, defense counsel terminated the deposition at approximately 11:25 a.m. At no

---

[1] Brian Torchin initially brought a claim for loss of consortium, stemming from the injuries to his wife, Laura. On March 5, 2014, the plaintiffs filed an unopposed motion to dismiss the loss of consortium claim. [DE 152]. That motion remains pending.

Torchin, *et al.* v. Christopher, *et al.*
Civil No. 2011-115
Page 2

time during the deposition did either party seek the assistance of the Court in resolving the dispute over the questioning, nor did the deponent then or at any time since seek a protective order.

Torchin contends that counsel was justified in instructing him not to answer when the questioning "became harassing and inappropriate." Pls.' Resp. at 2 [DE 169]. The Court discussed this matter with the parties at a status conference on April 17, 2014. This motion followed.

## I. LEGAL STANDARDS

Federal Rule of Civil Procedure 26 allows discovery into matters that are relevant to the claims and defenses in a case, or that are reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). Information that may be used to impeach a witness, although not necessarily "relevant" in the sense of being probative of facts in issue, is nevertheless discoverable. FED. R. CIV. P. 26(b)(1) advisory comm.'s note (2000). Rule 609(a) of the Federal Rules of Evidence provides that evidence of conviction of a crime may be admissible, subject to the limitations of Rule 403, for the purpose of attacking the character for truthfulness of a witness. FED. R. EVID. 609(a).

Unless a claim of privilege is appropriate, or there is some other valid objection to the discovery request, *e.g.*, FED. R. CIV. P. 26(b)(2) and (5), a response to discovery should be made and the information provided. "Relevance for discovery purposes is broadly and liberally construed. Privilege, as opposed to relevance, is to be narrowly construed, with the burden of establishing it on the party asserting it." *Gow v. Chrysler Corp.*, 1987 U.S. Dist. LEXIS 10094, *2 (E.D. Pa. June 30, 1987)(internal citations omitted).

Rule 30(c)(2) of the Federal Rules of Civil Procedure provides that a person may be instructed not to answer a question only when it is necessary to preserve a privilege, to enforce a

limitation ordered by the court, or to present a motion under Rule 30(d)(3).[2] *See, e.g., Brincko v. Rio Props.,* 278 F.R.D. 576, 580-81 (D. Nev 2011) ("A lawyer may not instruct a witness not to answer repetitious, harassing or argumentative deposition questions . . . The remedy [] requires suspending the deposition and filing a motion.").

Where there is a refusal to provide an answer in a deposition, Rule 37 gives the frustrated questioner an option: "When taking an oral deposition, the party asking a question may complete or adjourn the examination before moving for an order." FED. R. CIV. P. 37(a)(3)(C). The party seeking the answer may move to compel it. FED. R. CIV. P. 37(a)(3)(B). Sanctions may be imposed, including reasonable expenses and attorney's fees, on a person who "impedes, delays, or frustrates the fair examination of the deponent." FED. R. CIV. P. 30(d)(2).

Finally, where a party succeeds in obtaining an order to compel a discovery response, Rule 37 mandates that the Court "require the party or deponent whose conduct necessitated the motion, the party or the attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless (1) the movant did not attempt in good faith to resolve the issue without court intervention, (2) the opposing party's conduct was "substantially justified," or (3) "other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A).

## II. ANALYSIS

Torchin argues that he was justified in refusing to answer further questions regarding the circumstances of his criminal conviction because he "is not going to be a party or a witness in this case," and the questioning was "harassing and inappropriate." Further, Torchin argues that

---

[2] Rule 30(d)(3) provides that at any time during a deposition, a deponent or party may move to terminate or limit the deposition on the ground that it is being conducted in bad faith, or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party.

because the Christophers apparently already had a copy of the indictment to which he pled guilty, they are not entitled to any further detail regarding Torchin's conduct. Finally, Torchin contends the Christophers terminated the deposition "prematurely," and should not be permitted to take a further deposition where they simply chose not to ask all their questions at the first opportunity. Defendants, on the other hand, do not concede Torchin will not testify at trial, and counter that they are entitled to learn the details of his criminal conviction because they may discover information that may bear on his credibility. They further claim the rules permitted them to adjourn the deposition in order to file a motion to compel.

Neither party offers the Court much guidance in the way of applicable case authorities. Based upon the rules cited above, and the Court's own research, the Court concludes that plaintiffs' counsel improperly instructed Torchin not to answer the questions posed. The choice was to answer the questions subject to objection, or to suspend the deposition and seek a protective order.[3] FED. R. CIV. P. 30(c)(2). Torchin did neither. Moreover, defendants were entitled, under Rule 37(a)(3)(C), to adjourn the deposition and move to compel. Under Federal Rule of Evidence 609, defendant may inquire during deposition regarding the criminal conviction, and the question of ultimate admissibility will be decided at a later stage.

Defendant also moves for costs and fees and to require Torchin to appear for a continuation of his deposition, in the Virgin Islands. *See* FED. R. CIV. P. 37(a)(5)(A). Here, plaintiff's conduct was not justified. The Christophers, however, made no good faith attempt to resolve the dispute without court intervention. Under these circumstances, sanctions under Rule 37(a)(5)(A) will not be ordered. Rule 30(d)(2), however, allows the court to impose an appropriate sanction

---

[3] The parties also could have – and probably should have – sought the assistance of this Court during the deposition, to help resolve any disputes regarding the scope of the inquiry. This Court regularly makes itself available to provide such assistance.

Torchin, *et al.* v. Christopher, *et al.*
Civil No. 2011-115
Page 5

where a party "impedes, delays or frustrates the fair examination of the deponent." The Court will sanction plaintiffs under this provision of the rules, by requiring that Torchin be produced for the completion of his deposition in the Virgin Islands, where he chose to file suit.

### III.   CONCLUSION

Accordingly, it is hereby ORDERED as follows:

(1) Defendants' motion [DE 166] to compel responses to deposition questions regarding plaintiff's prior criminal conviction is GRANTED;

(2) Brian Torchin shall appear in the Virgin Islands for the completion of his deposition within 30 days of the date of this Order; and

(3) Defendant's motion for fees and costs under Rule 37(a)(5)(A) is DENIED.

**Dated:**  May 1, 2014                             S\_____
                                                                     **RUTH MILLER**
                                                                     United States Magistrate Judge